# Management of Admiralty Island and Misty Fiords National Monuments

Executive Order No. 6166 leaves intact forest reservations on national monument lands, and the Department of Agriculture and the Department of the Interior thus share administrative responsibility for Admiralty Island and Misty Fiords National Monuments. Conclusion of opinion of February 9, 1979 (3 Op. O.L.C. 85 (1979)), that management functions in connection with the two national monuments must be transferred from the Department of Agriculture to the Department of the Interior, reconsidered and amended.

February 8, 1980

## MEMORANDUM OPINION FOR THE DIRECTOR, OFFICE OF MANAGEMENT AND BUDGET

This is to advise you that, at the request of the General Counsel to the U.S. Department of Agriculture (USDA), we have reconsidered and are amending, as follows, our February 9, 1979, memorandum to you concerning the "Management of Admiralty Island and Misty Fiords National Monuments." [3 Op. O.L.C. 85 (1979)]. We concluded in that opinion that § 2 of Executive Order No. 6166, 5 U.S.C. § 901 note (1976), required a transfer of management functions from the Forest Service in USDA to the National Park Service in the Department of the Interior with respect to two national monuments created in December 1978, on national forest lands. As explained below, we have subsequently concluded that both USDA and Interior have legal authority to manage the lands in question.

### I. Background to the February 9, 1979, Opinion

The President, on December 1, 1978, exercised his powers under § 2 of the Antiquities Act of 1906, 16 U.S.C. § 431 (1976), to create national monuments at Admiralty Island and Misty Fiords, Alaska. Pres. Proc. Nos. 4611 & 4623, 43 Fed. Reg. 57,009, 57,087 (1978). Included within these monuments were approximately 3.4 million acres of federal land that had been reserved as part of Tongass National Forest in 1907 or 1909. 35 Stat. (Pt. 2) 2152, 2226. On November 30, 1978, your General Counsel's office inquired orally of this Office whether the placement of a monument reservation on these national forest lands required the transfer of the management of the lands to the Department of the

Interior under Executive Order No. 6166, issued in 1933. Section 2 of that order provides:

> All functions of administration of . . . national monuments . . . are consolidated in the National Park Service in the Department of the Interior . . .; except that where deemed desirable there may be excluded from this provision any public building or reservation which is chiefly employed as a facility in the work of a particular agency.

In response to your inquiry, on December 1, 1978, we solicited views on this question from Interior and USDA. Interior chose to express no view. USDA forwarded its opinion to us that § 2 of Executive Order No. 6166 would have expunged the forest status of Misty Fiords and Admiralty Island—thus requiring a transfer of management functions from USDA to Interior—but for § 9 of the National Forest Management Act of 1976, 16 U.S.C. § 1609 (1976), which, in its view, *pro tanto* repealed the executive order and required the management of national forest land to remain in the Forest Service until removed by Act of Congress. In essence, our February 9, 1979, opinion treated USDA's analysis as the sole issue in dispute, and concluded, contrary to its view, that § 9 of the National Forest Management Act had no effect on the operation of the executive order. We consequently informed you that, absent some legislative action, the management of these monuments had to be tranferred from the USDA to Interior.

## II. Reconsideration

On September 12, 1979, USDA's General Counsel forwarded certain materials to us suggesting the appropriateness of reconsidering our February 9, 1979, opinion. Although, in prior conversations, the General Counsel had indicated that he did not wish to challenge our conclusions on the relationship of the Forest Management Act to Executive Order No. 6166, he questioned the premise, implicit in our opinion and in his own Department's earlier view, that Executive Order No. 6166 operated to expunge the national forest status of Admiralty Island and Misty Fiords. In his view, such status, at least with respect to monuments created on forest lands after 1933, could be expunged solely by the express exercise of authority under 16 U.S.C. § 473, which permits the President to revoke or modify prior presidential actions creating national forests, such as Tongass National Forest, out of unreserved public lands. He urged that the effect of the executive order was only to vest additional management responsibilities in the Department of the Interior for national monuments created on forest lands, thus permitting the two departments to share administrative responsibility for Admiralty Island and Misty Fiords.

We have concluded that USDA's General Counsel has correctly interpreted the 1933 order. The purpose of Executive Order No. 6166 was to effect economies in government by facilitating the consolidation of similar functions under single government authorities. With respect to national monuments, it consolidated management functions in the National Park Service of the Department of the Interior. Its subject matter, however, does not include the status of reservations attaching to national monument lands. It does not expressly expunge nonmonument reservations on national monument lands, and no expungement appears by implication. The executive order is fully effective so long as it is interpreted to make possible National Park Service management of forest lands that are national monuments, which itself does not require the elimination of forest status.

The conclusion that Executive Order No. 6166 leaves forest reservations on national monument lands intact is buttressed by the existence, since 1897, of express statutory authority permitting the President to expunge the forest status of forest lands removed previously by the President from unreserved public lands. 16 U.S.C. § 473 (1976). Nothing in the executive order suggests that it is to be viewed as an alternative or even an additional means of terminating the forest status of national forests. Indeed, the order's limited organizational function is inconsistent with the notion that it confers additional substantive authorities with respect to public lands. In cases of national monuments created on national forest lands since 1933, the President has consistently exercised his authority under 16 U.S.C. § 473 to revoke or modify the forest status of lands he wished to be treated as having only national monument status. *See, e.g.,* Pres. Procs. Nos. 2330, and 2339, 53 Stat. (Pt. 3) 2534, 2544 (1939). This practice implies a continuing administrative interpretation that Executive Order No. 6166 does not itself automatically terminate the national forest status of monuments created on national forest lands.

On November 17, 1972, USDA and Interior entered into an agreement, concluding that Executive Order No. 6166, as amended, expunged the dual status of monuments created on forest lands prior to 1933. In essence, the departments agreed to follow a 1933 opinion of the Solicitor of the Department of the Interior, holding that, in the absence of a timely interdepartmental agreement to the contrary, the management of pre-1933 monuments on forest lands was transferred automatically to Interior by Executive Order No. 6166. We have not been asked to consider this opinion or the 1972 agreement, and express no view as to their conclusions. We note, however, that such a determination as to pre-1933 monuments, which did not construe the effect of the executive order on the status of reservations attaching to national monument lands, does not preclude a case-by-case administrative decision as to the proper management of post-1933 national monuments to

398

the extent permitted by the executive order and any other applicable statutory authorities. Executive Order No. 6166 creates management authority in the National Park Service with respect to national monuments even if created on forest lands; whether that authority is exclusive, additional, delegable, or forfeitable depends on the terms of the order and other authorities that may exist with respect to the lands.

### III. Management Options

Because the President, in creating Admiralty Island and Misty Fiords National Monuments, did not terminate the national forest status of those lands, the National Park Service, under Executive Order No. 6166, and the Forest Service, under its statutory authorities, 16 U.S.C. § 551 *et seq.*, are both authorized to participate in the management of these monuments. Both, we have been advised, have appropriations that may be applied to this purpose.

On January 15, 1980, representatives of this Department met with representatives of USDA and Interior, to discuss the future management of Admiralty Island and Misty Fiords. The USDA and Interior representatives agreed that the Forest Service and the National Park Service would enter into a memorandum of understanding to govern the management of these monuments, accounting for the land use standards binding on the departments and specifying each department's regulatory and budgetary responsibilities. We have concluded that this is a permissible option for structuring the management responsibilities of the two departments. *Cf.* 16 U.S.C. § 2 (1976), permitting the Secretary of Agriculture to cooperate with the National Park Service, to the extent requested by the Secretary of the Interior, in the supervision, management, and control of national monuments contiguous to national forests.

LARRY A. HAMMOND
*Deputy Assistant Attorney General*
*Office of Legal Counsel*